```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                Criminal No. 06-81 (2)(JNE/RLE)
```

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )      ORDER
                             )
    v.                       )
                             )
TAMEIKA LALONIE BROWN,       )
                             )
            Defendant.       )

This matter is before the Court on the defendant's pro se motion for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to cocaine base or crack cocaine cases. Title 18, United States Code, Section 3582(c)(2).

The defendant asks the Court to reduce her sentence from 48 months to 39 months. The United States filed a response that opposed a sentence reduction. The defendant's motion is denied.

I.  Background

The defendant was charged by Indictment with several counts alleging violations of Title 21, United States Code. She was permitted to plead guilty to a phone count and the charges in the Indictment were dismissed. On January 19, 2007, the defendant was sentenced to a term of 48 months imprisonment, the statutory maximum sentence. Her guidelines range was Offense Level 35 and Criminal History Level I: 168-210 months.

On March 28, 2009, the defendant filed the instant motion for a reduction in her sentence. She incorrectly calculated the

amended offense level. While she is entitled to a two-level reduction of the offense level to level 33, the amended guidelines range is now 135-168 months. Because the statutory maximum sentence is 48 months, the new guidelines sentence is unchanged: 48 months.

II. Discussion

The defendant is eligible for a two-level reduction of her offense level pursuant to Guideline Amendments 706 and 711. Through these amendments, which were made retroactive on March 3, 2008, a defendant could file a motion with the Court for re-sentencing. See generally United States v. Starks, 551 F.3d 839 (8th Cir. 2009), petition for cert. Filed, - - - U.S.L.W. - - - (U.S. Apr. 13, 2009) (No. 08-9839).

Section 3582(c)(2) authorizes district courts to reduce a defendant's sentence if the defendant's original term of imprisonment was based on a guideline range that was subsequently lowered by an amendment that the Sentencing Commission has made retroactive. Amendment 706, which was made retroactive by Amendment 713, triggered § 3582(c)(2) by reducing the base offense level that applies to the amount of cocaine base for which the defendant was held responsible from 35 to 33. Thus, if Amendment 706 had been in effect at the time the defendant was sentenced, her total offense level would have been reduced from 35 to 33 and her advisory guideline range would have been 135 to 168 months.

### A. 18 U.S.C. § 3582(c)(2)

When Congress amends sentencing guidelines and gives the amendments retroactive effect, the district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). The district court is not required to resentence a defendant under 18 U.S.C. § 3582(c)(2), but may use its discretion. United States v. Hasan, 245 F.3d 682, 685 (8th Cir. 2001)(en banc).

In United States v. Hasan, the Eighth Circuit Court of Appeals set forth the two-stop process by which a court addresses a 3582(c) motion. First, the "court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing." Hasan, 245 F.3d at 684-85 (quotations omitted). Next, the court decides "whether to give the defendant the benefit of that particular reduced sentence," weighing "the facts before it at the time of resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable." Id. at 685. Applying this two-step process, the Court declines to reduce the defendant's sentence.

Given the amount of drugs that were attributable to the defendant, a 48 month prison term was a favorable sentence. The amended guideline sentence of 48 months remains unchanged. Considering the Section 3553(a) factors, a 48 month term of imprisonment is still a reasonable sentence.

III. Conclusion

After considering the Title 18, United States Code, Section 3553(a) factors, the Court declines to reduce the defendant's sentence. Accordingly, the defendant's motion for a reduction of sentence is denied.

IT IS SO ORDERED.

Dated: May 28, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge